Thomas Lewis

*v.*

City National Bank of Cairo.

1. Injunction bond—*executed by a stranger, conditioned to pay the debt of another.* The mortgagee in a chattel mortgage took possession of the mortgaged property before the debt secured thereby became due, and a third party brought a suit in chancery to restrain the mortgagee from selling the property before the maturity of the note, and in compliance with the requirement made by the court as a condition to granting the injunction, entered into a bond, containing an absolute covenant to pay the mortgage debt to the mortgagee, upon maturity. In a suit upon the bond, there was nothing in the record showing that the defendant occupied the relation of surety to the debtor in the chattel mortgage, or that his position was other than a mere stranger entering into the bond to pay the debt of the mortgagor debtor, without even so much as a request, on the part of the debtor, to do so: *Held,* that there was no available defense to the suit on the bond under such a state of facts, except performance of the covenants, or such legal defense as would overthrow the instrument itself.

2. Subrogation. When a third party enjoined the sale of property by the mortgagee under a chattel mortgage, being no surety for the mortgagor, and in the suit gave an injunction bond conditioned for the payment of the mortgage debt on dissolution of the injunction, it was *held,* in a suit on the bond, that the doctrine of subrogation had no application to the case.

Appeal from the Circuit Court of Pulaski county; the Hon. David J. Baker, Judge, presiding.

Messrs. Linegar & Lansden, and Mr. Samuel P. Wheeler, for the appellant.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The Cairo Democrat Company being indebted to appellee in the sum of $3,911.20, executed a mortgage to the latter upon certain goods and chattels, the mortgage containing the usual "insecurity" clause. Before the debt secured had become due, appellee, under that clause, had taken possession of the mortgaged property. Appellant, but upon what ground does not appear, brought suit in chancery to restrain appellee from selling the property before maturity of the debt. The court, as a condition to the issuing of such injunction, required appellant to enter into a bond, containing an absolute covenant to pay said debt to appellee when it became due. Appellant complied, and, as principal, gave the required bond. Failing to prosecute his suit with effect, and to pay the debt as obligated, appellee brought this suit against him and his sureties upon that bond. There was a recovery below for the balance of the debt, after applying what the mortgaged property brought on sale thereof upon the mortgage, and appellant brings the record to this court on appeal.

The only question presented, arises upon the ruling of the court below in sustaining appellee's demurrer to certain of appellant's pleas.

The pleas are clearly defective. There is nothing in the declaration, or any averment in either of the pleas, showing that appellant, as respects the transaction between the Cairo Democrat Company and appellee, occupied the position of surety to appellee's debtor. So far as this record shows, his position was that of a mere stranger entering into a bond, as principal, containing an absolute covenant to pay the debt of the Cairo Democrat Company to appellee when such debt should become due, without even so much as a request on the part of the debtor to do so. The doctrine of subrogation can have no application to the circumstances disclosed by this record, and, so far as circumstances are brought out by the pleadings, we can conceive of no defense which would be available to appellant except performance of his covenant, or such

legal defense as would overthrow the instrument itself. None such is attempted to be set up.

The judgment of the court below must be affirmed.

*Judgment affirmed.*